[Civ. No. 2260.   First Appellate District.—December 8, 1917.]

AGNES W. GAZETT, as Guardian, etc., Appellant, v.
    MARY J. EPPERLY et al., Respondents.

RESCISSION—EXCHANGE OF REAL PROPERTY FOR STOCK—VALUE—SUFFI-
    CIENCY OF FINDING.—In an action for the rescission of a contract
    exchanging real property for cash and corporation stock, the finding
    that the stock had value is not insufficient for the reason that it
    contained a statement that there was not sufficient proof to sustain
    the averments in a certain allegation of the complaint, where the
    finding further contains facts affirmatively showing that the stock
    had value, and other findings fully and sufficiently cover the issue
    and conclusively establish the fact.

APPEAL from a judgment of the Superior Court of Ala-
meda County.   William H. Waste, Judge.

The facts are stated in the opinion of the court.

Milton S. Hamilton, for Appellant.

Robinson & Robinson & Price, and Peck, Bunker & Cole, for
Respondents.

KERRIGAN, J.—This appeal is from a judgment rendered
in favor of defendants in an action brought by plaintiff for a
rescission of a contract involving the exchange of property.
The appeal is upon the judgment-roll alone, and the sole
point presented for a reversal is that a portion of the par-
ticular finding involving the issue of value of certain stock
which constituted part of the exchanged property is insuffi-
cient to sustain the judgment.

It appears from the complaint and the findings that one
Jacob B. Gazett, who, subsequent to the transaction here in-
volved, was declared an incompetent, owned certain real prop-
erty in the city of Oakland which he exchanged with the de-
fendant Epperly for the sum of two thousand dollars in cash
and forty-six shares of the capital stock of the Madera Elec-
tric Water Company, of the par value of one hundred dollars
per share.   In making the exchange Gazett valued the real
property at the sum of six thousand dollars, the actual value
of which, however, was found by the trial court to be but

four thousand five hundred dollars. The finding that the stock had value is claimed to be insufficient, for the reason that it contains a statement that "there is not sufficient proof to sustain the averments in allegation X of the complaint." It is the claim of the appellant that the entire finding, that the stock had value, is predicated upon this statement, which it is asserted is but mere conclusion of law, and for that reason insufficient.

There is no force or merit in the objection. Assuming the portion of the finding complained of to be defective in form, the finding further contains facts affirmatively showing that the stock had value; besides which other findings fully and sufficiently cover the issue and conclusively establish this fact. In addition to this, it appears from the findings that the relative values of the exchanged properties were not made the basis of the agreement. It further appears that the defendants made no representations which were false, that Gazett was himself familiar with the stock and had made independent investigation regarding the same; that plaintiff was not entitled to a rescission, and that judgment was rightfully given for defendants.

For the reasons stated the judgment is affirmed.

Lennon, P. J., and Richards, J., concurred.